UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM STEVE NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>TODAN ASCENCIO,<br><br>    Defendant. | Case No. 23-cv-03968-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 3 |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

1    cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to
2    raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
3    U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
4    plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile
5    legal conclusions can provide the framework of a complaint, they must be supported by factual
6    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
7    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
8    *v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
the alleged deprivation was committed by a person acting under the color of state law. *West v.*
*Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that he was the victim of retaliation and racial discrimination and
harassment. "Within the prison context, a viable claim of First Amendment retaliation entails five
basic elements: (1) An assertion that a state actor took some adverse action against an inmate
(2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
*Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under
§ 1983 for retaliation must allege that he was retaliated against for exercising his constitutional
rights and that the retaliatory action did not advance legitimate penological goals, such as
preserving institutional order and discipline). The prisoner must show that the type of activity he
was engaged in was constitutionally protected, that the protected conduct was a substantial or
motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no
legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring
retaliatory motive from circumstantial evidence).

On May 5, 2022, Plaintiff and defendant correctional officer Ascencio were in an argument regarding a cell search that found an electronic tablet and Defendant made derogatory comments regarding plaintiff's Asian heritage. (dkt. 4 at 3-4). Plaintiff stated that he intended to file a grievance regarding Defendant's conduct. (*Id*. at 4). On May 6, 2022, Defendant issued a Rules Violation Report ("RVR") regarding the cell search. On May 25, 2022, Plaintiff filed a grievance regarding Defendant's conduct. (*Id*.)

Plaintiff was found guilty at the RVR hearing for the electronic tablet and lost privileges and 90 days of time credits. (*Id*. at 5). There was a due process violation and a new hearing occurred where Plaintiff was again found guilty and lost phone privileges and 90 days of time credits. Plaintiff alleged that there were due process violations in the new hearing. (*Id*.) Prison officials found that there were due process violations at the second hearing and a third hearing was held several months later and Plaintiff was found not guilty. (*Id*. at 10).

On September 24, 2022, Defendant yelled at Plaintiff for being on the phone, stating that he lost phone privileges. (*Id*. at 6). Plaintiff states that this was in retaliation for his filing of a grievance. Plaintiff obtained permission to use the phone the next day. (*Id*.) On September 24, 2022, Plaintiff filed a grievance against Defendant for not permitting him to use the phone. The next day, September 25, 2022, Defendant called Plaintiff a snitch. On September 26, 2022, Plaintiff filed a grievance against Defendant for calling him a snitch. (*Id*.)

On September 30, 2022, Defendant issued a RVR against Plaintiff for possession of a cell phone. (*Id*. at 7). Plaintiff was found not guilty at a RVR hearing for the cell phone. (*Id*.)

The complaint is dismissed with leave to amend to provide more information. Plaintiff's allegation regarding Defendant's derogatory comments fail to state a claim under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). In an amended complaint, Plaintiff must either provide more information or remove this claim.

3

1       Plaintiff must also provide more information regarding the incidents of retaliation. Plaintiff must show that Defendant intended to take the adverse action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some other reason. *Shephard v. Quillen*, 840 F.3d at 686, 689-91 (9th Cir. 2016). Evidence probative of retaliatory animus includes proximity in time between the protected speech and the alleged adverse action, prison official's expressed opposition to the speech, and prison official's proffered reason for the adverse action was false or pretextual. *See id.* at 690. Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

It appears that some of the alleged retaliation was Defendant issuing an RVR due to conduct that occurred before Plaintiff's filing of grievances. Plaintiff should also provide more information how racial discrimination was the basis for Defendant's actions. Plaintiff should address these issues in an amended complaint. With respect to the allegation that Defendant called Plaintiff a snitch, Plaintiff should provide information regarding the context of this incident.

**CONCLUSION**

1. The motion to amend (dkt. 3) is **GRANTED** and the court has reviewed the most recent submitted complaint. The complaint (dkt. 4) is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

4

1  may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
2  Procedure 41(b).
3  **IT IS SO ORDERED.**
4  Dated: September 13, 2023

                                              ROBERT M. ILLMAN
                                              United States Magistrate Judge