FILED

OCT 11 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    Tam Steve Nguyen

2    V26301

3    San Quentin State Prison

4    1 Main Street, 5-NB-7

5    San Quentin, CA 94974

6                          UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9    Tam Steve Nguyen,                    | Case No. 23-c-03968-RMI

10        Plaintiff,

11   v.                                   | **AMENDED COMPLAINT BY A PRISONER**

12   Todan Ascencio                       | **UNDER THE CIVIL RIGHTS ACT,**

13        Defendant.                      | **42 U.S.C. § 1983**

14

15                          **I. Introduction**

16   1. This is an Amended Complaint filed by Plaintiff, Tam Steve Nguyen, a state prisoner, in

17      compliance with this court's order, on September 13, 2023, to amend the original

18      complaint. Plaintiff's complaint seeks injunctive and declaratory relief, as well as

19      compensatory and punitive money damages, under 42 U.S.C. § 1983, in regards to

20      Defendant Todan Ascencio, a correctional officer, violating Plaintiff's Fourteenth

21      Amendment right to be free from discrimination based on race, his First Amendment

22      right to be free from retaliation, and his Fourth Amendment right to be free from

23      unreasonable search and seizure.

24   2. Plaintiff demands a jury trial.

25                          **II. Jurisdiction**

26   3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1983, §1331 and

27      §1343 (a) (3), which grants federal jurisdiction for civil actions arising under federal law.

28      Venue is proper in this judicial district as the alleged violation occurred within its

1    jurisdiction.

2                              **III. Parties**

3    4.  Defendant T. Ascencio is being sued in his individual and official capacities.

4                  **IV. Exhaustion of Administrative Remedies**

5    5.  Plaintiff has exhausted administrative remedies.

6                          **V. Statement of Facts**

7    6.  On May 5, 2022, Defendant Ascencio targeted Plaintiff for cell search based upon his

8        race. Defendant Ascencio's intent in racially discriminating against Asians was evidenced

9        when he made racially derogatory remarks to Plaintiff, saying, "You people are trouble.

10       You brought us COVID."

11   7.  Plaintiff informed Defendant Ascencio that he would be filing a racial discrimination

12       complaint because of the illegal search.

13   8.  Because Plaintiff informed Defendant Ascencio that he would be filing a complaint

14       under the Fourteenth Amendment for racial discrimination, Defendant Ascencio

15       retaliated by:

16       a.  Intentionally planting contraband (i.e. Hiteker 7" tablet) inside of Plaintiff's cell

17           which he removed from another inmate.

18       b.  Intentionally falsifying a state document (Rules Violation Report, CDCR 115, log#

19           7182016) alleging Plaintiff possessed the planted contraband (i.e. Hiteker 7"

20           tablet) which he removed from another inmate.

21       c.  Submitting false statements during an administrative tribunal.

22       d.  On September 24, 2022, imposing punishment upon Plaintiff, (i.e. forcing Plaintiff

23           to get off the inmate phones, which denied him his right to communicate with

24           his family and friends), without due process of law, in retaliation for Plaintiff filing a

25           complaint.

26       e.  On September 25, 2022, Defendant Ascencio, in an attempt to have Plaintiff

27           attacked by other inmates, called Plaintiff a "snitch" in the presence of

28           numerous officers and inmates, in retaliation for Plaintiff filing a complaints.

1       f.  On September 30, 2022, Defendant Ascencio, in retaliation for Plaintiff filing

2          complaints against him, intentionally filed a second false Rules Violation Report

3          (log# 7224921) stating Plaintiff possessed contraband (i.e. a cellular phone).

4       g.  On June 30, 2023, Defendant Ascencio, not only submitted false statements of

5          Identification of Plaintiff regarding the May 5, 2022 search, during an

6          administrative tribunal, he also knowingly submitted false evidence (i.e. a

7          Hiteker tablet).

8                           **VI. Claims**

9             **A. Fourth and Fourteenth Amendment Violations**

10  9.  On May 5, 2022, at approximately 0720 hours, Defendant Ascencio exhibited racial

11      discrimination and bias by illegally conducting targeted searches only of cells assigned to

12      Asian inmates, including Plaintiff's cell.

13  10. Following the racially discriminatory search, Defendant Ascencio falsely accused Plaintiff

14      of possessing contraband (i.e. "A Wireless device") he discovered on another Asian

15      inmate.

16  11. On May 5, 2022, at approximately 1000 hours, Defendant Ascencio engaged in an

17      argument with Plaintiff regarding his illegal search of Plaintiff's cell. During this

18      argument, Defendant Ascencio exhibited his intent in racially discriminating against

19      Asians, and racially profiling Plaintiff, when he made racially derogatory comments

20      against Asians, based upon Former President Trumps' claims that Covid-19 came from

21      China referring to the disease as "kung-flu".  Defendant Ascencio, utilized the

22      discrimination began by the former President, to accuse the Plaintiff, of being trouble

23      and bringing covid-19 to the United States.  Defendant Ascencio said to Plaintiff "You

24      people are trouble. You brought us COVID."

25  12. Defendant Ascencio further exhibited his intent in racially discriminating against Asians

26      and dislike of Plaintiff's ethnicity, by expressing his dislike of the intimate relationship

27      between Plaintiff and a Caucasian former staff member.

28  13. Because of Defendant Ascencio's prejudice against Asian Americans, he threatened, and

Amended Complaint
Case No. 23-c-03968-RMI

1      did file false charges of "Possession of a Wireless Device" against Plaintiff on a state

2      Rules Violation Report (Log #7182016).

3   14. On May 26, 2022, Defendant Ascencio made a racially motivated false statement of

4      identifying Plaintiff as having "Possession of a Wireless Device" during an administrative

5      tribunal.

6   15. Because of Defendant Ascencio's racial discriminatory action, Plaintiff was found guilty

7      of "Possession of a Wireless Device" inside a state institution.  Plaintiff was assessed 90

8      day loss of good conduct credits, 3 year loss of family visiting, and 90 days loss of phone

9      privileges.

10  16. On June 26, 2022, Plaintiff appealed the guilty finding.

11  17. On August 23, 2022, the guilty finding was reversed.

12  18. On September 20, 2022, the charge of "Possession of a Wireless Device" in an institution

13     was reheard by San Quentin's administrative staff.  Plaintiff was again found guilty.

14  19. On October 11, 2022, Plaintiff again appealed the finding.

15  20. On February 2, 2023, the guilty finding was again reversed.

16  21. On June 30, 2023, Plaintiff was found not guilty of the charges of "Possession of a

17     Wireless Device" in an institution.  It was determined that Plaintiff did not commit the

18     rules violation Defendant Ascencio alleged against Plaintiff.

19  22. Defendant Ascencio's racially motivated, discriminatory, and illegally targeted searches

20     of only Asian cells, including Plaintiff's, filing a false Rules Violation Report against

21     Plaintiff, and making a false statement of identification of Plaintiff during an

22     administrative tribunal, were done with the intent to racially discriminate against

23     Asians. This is evidenced in his racially derogatory comments against Asians and his

24     dislike of Plaintiff's ethnicity by expressing his dislike of the intimate relationship

25     between Plaintiff and a Caucasian former staff member. Defendant Ascencio's actions

26     violated Plaintiff's Fourth Amendment right to be free from illegal searches and the

27     Fourteenth Amendment right to be free from adverse actions taken based on race.

28     Defendant Ascencio's actions were racially motivated and did not advance a legitimate

1     penalogical interest, as evidenced in the determination that Plaintiff did not commit the

2     violation Defendant Ascencio alleged.

3   23. Plaintiff was injured, where he was denied meaningful family communication and ties in

4     90 days loss of phone privileges and one year loss of family visits, as well as suffering

5     mental and emotional injuries from fear of Defendant's racially discriminatory actions,

6     based on the false allegations levied against him by Defendant Ascencio.

7                   **B. First Amendment Violations**

8   24. Because of Defendant Ascencio's racially motivated, discriminatory, and illegally

9     targeted search of Plaintiff's cell, in violation of the Fourth and Fourteenth

10    Amendments, Plaintiff informed Defendant Ascencio that he would be filing a racial

11    discrimination complaint.

12  25. Because Plaintiff informed Defendant Ascencio that Plaintiff would be filing a complaint,

13    On May 6, 2022, Defendant Ascencio filed a false rules violation report against Plaintiff,

14    falsely accusing him of "Possession of a Wireless Device" (Rule Violation Report Log

15    #7182016), in retaliation, to instill fear into and silence Plaintiff from filing a complaint

16    against Defendant, which chilled Plaintiff's First Amendment right to exercise freedom

17    of speech, specifically, to file complaint against an officer without suffering retaliation.

18  26. On May 25, 2022, Plaintiff filed a complaint regarding Defendant's Ascencio's racially

19    discriminatory and retaliatory acts.

20  27. On May 26, 2022, Defendant Ascencio, in retaliation for Plaintiff filing a racial

21    discrimination complaint, made a false statement of identifying Plaintiff as having

22    "Possession of a Wireless Device" (Rules Violation Report log #7182016) during an

23    administrative tribunal.

24  28. Because of Defendant Ascencio's retaliatory action, Plaintiff was found "guilty" at the

25    hearing on the false charge of "Possession of a Wireless Device," and was punished to

26    90 days loss of good conduct credits, 3 years loss of family visits, and 90 days loss of

27    phone privileges.

28  29. On June 26, 2022, Plaintiff appealed the finding.

1    30. On August 23, 2022, the guilty finding was reversed.

2    31. On September 24, 2022, although Plaintiff had already completed the 90 days loss of

3        phone privileges as ordered in the hearing on Rule Violation Report (Log #7182016), in

4        retaliation for Plaintiff filing a complaint, Defendant Ascencio extended the punishment

5        ordered in the hearing without due process of law, by targeting Plaintiff while he was on

6        the institution phone communicating with his family.  Defendant Ascencio yelled at

7        Plaintiff to get off the phone, citing the loss of phone privileges ordered in Rules

8        Violation Report (log #7182016), even though defendant knew Plaintiff's phone

9        privileges had been restored. Defendant's actions of targeting Plaintiff, then applying

10       punishment, without due process, was done to punish and intimidate Plaintiff for filing

11       complaints, constituting retaliation, chilling Plaintiff's First Amendment right to exercise

12       freedom of speech, specifically, to file complaint against an officer without suffering

13       retaliation.

14    32. On September 24, 2022, Plaintiff filed a complaint against Defendant for imposing

15       punishment on Plaintiff without providing him due process.

16    33. On September 25, 2022, Defendant called Plaintiff a "snitch" in front of several officers

17       and inmates, in an attempt to have Plaintiff attacked, in retaliation for Plaintiff filing

18       complaints against Defendant. This retaliatory act of calling Plaintiff a "snitch" was used

19       to intimidate Plaintiff from filing further complaints by shaming and instilling fear of

20       further retaliation, by Defendant and other officers, if Plaintiff filed further complaints,

21       chilling Plaintiff's First Amendment right to exercise freedom of speech, specifically, to

22       file complaint against an officer without suffering retaliation.

23    34. On September 30, 2022, in retaliation for Plaintiff filing complaints, Defendant issued

24       Plaintiff RVR (log # 7224921), again falsely accusing Plaintiff of "Possession of a Cellular

25       Phone" in a state institution.

26       Defendant Ascencio claimed he performed a cell search of Plaintiff's cell and located a

27       cell phone, in plain view, on Plaintiff's bed area. Plaintiff's cell mate, Louis Sale BG3058,

28       was standing outside of the cell at the conclusion of the search, at which time

1    Defendant, accompanied by officer Rios, interviewed inmate Sale. Defendant asked Sale
2    who the phone belonged to. Inmate Sale informed defendant that the phone belonged
3    to him. Defendant then tried to persuade Sale to say the phone belonged to Plaintiff.
4    However, Sale explained that he just borrowed the phone that morning and hid it in his
5    personal box, and that Plaintiff was unaware of its existence. Plaintiff was not in the cell
6    prior to, during, or after the search. Plaintiff had not returned to the cell since breakfast
7    and could not have known of the existence of the cell phone.

8    35. On October 7, 2022, Sale attended the RVR hearing for the cell phone and stated that on
9    the morning of September 24, 2022, he had borrowed a cell phone and hid it in his
10   personal box, and that Plaintiff had no knowledge of its existence. Sale also provided a
11   written affidavit regarding the cell search and interview with Defendant Ascencio and
12   Officer Rios.

13   36. Plaintiff was found "not guilty" of the false charge of "Possession of a Cell Phone." It was
14   determined that Plaintiff did not commit the rules violation Defendant Ascencio alleged
15   against Plaintiff.

16   37. On June 30, 2023, during the reissued hearing for Rules Violation Report (log# 7182016
17   (R2)), Defendant Ascencio, in retaliation for Plaintiff filing several complaints against
18   him, intentionally made a false statement of identifying Plaintiff as having "Possession
19   of a Wireless Device" that he removed from another inmate, then knowingly presented
20   false evidence of a Hiteker tablet, that was documented as destroyed a on May 26,
21   2022, stating that it was the item confiscated on May 5, 2022, during an administrative
22   tribunal, to punish and instill fear into Plaintiff for filing complaints against the
23   Defendant, chilling Plaintiff's First Amendment right to exercise freedom of speech,
24   specifically, to file complaint against an officer without suffering retaliation.

25   38. Plaintiff was found "not guilty" of Rules Violation Report (log# 7182016). It was
26   determined that Plaintiff did not commit the rules violation Defendant Ascencio alleged
27   against Plaintiff.

28   39. Defendant Ascencio took retaliatory adverse actions against Plaintiff by filing a false

1      Rules Violation Report (log #7182016), intentionally making a false statement of

2      identifying Plaintiff as having "Possession of a Wireless Device" (Rules Violation Report

3      #7182016), enforcing punishment of restriction of phone privileges without providing

4      due process, filing a RVR under false charges of "Possession of a Cell Phone," Rules

5      Violation Report (log# 7224921), attempting to persuade inmate Sale BG3058 to falsely

6      claim a cell phone belonged to Plaintiff, calling Plaintiff a "snitch" in front of officers and

7      inmates to have Plaintiff attacked, then intentionally making a false statement of

8      identifying Plaintiff as having "Possession of a Wireless Device" as well as presenting

9      false evidence during the reissued disciplinary hearing for Rules Violation Report (log#

10     7182016 (R2)), during an administrative tribunal. These retaliatory actions were done to

11     silence Plaintiff from filing future complaints and to punish Plaintiff for the complaints

12     already filed, chilling Plaintiff's First Amendment exercise to freedom of speech,

13     specifically, to file complaints against an officer without suffering retaliation. Defendant

14     Ascencio's actions were done to retaliate against Plaintiff for filing complaints and did

15     not advance a legitimate penalogical interest, as evidenced in the determination that

16     Plaintiff did not commit the violation Defendant Ascencio alleged.

17    40. As a result of defendants violation of plaintiff's Constitutional First, Fourth, and

18     Fourteenth Amendment rights, Plaintiff was injured, where he was denied meaningful

19     family communication and ties in 90 days loss of phone privileges and one year loss of

20     family visits, as well as suffering mental and emotional injuries from fear of Defendant's

21     retaliatory actions, based on the false allegations levied against him by Defendant

22     Ascencio.

23                             **VII. Relief Requested**

24    41. Plaintiff seeks preliminary injunctive relief, providing an order to prevent Defendant

25     Ascencio and any CDCR employee from retaliating against Plaintiff in any form, including

26     but not limited to:

27         a.   Harassing and intimidating Plaintiff,

28         b.   Planting of contraband onto Plaintiff's person and or cell,

1        c.  Writing and placing false Rules Violation Reports and or negative 128 notices

2           into Plaintiff's central-file,

3        d.  Transferring Plaintiff to another institution without Plaintiff's express consent.

4           Plaintiff further seeks injunctive relief in the form of expungement and removal of

5           any and all records from Plaintiff's prison central-file, including but not limited to,

6              i.  False and illegal Rules Violation Reports filed by Defendant Ascencio,

7             ii.  All 602 complaints filed to address these issues,

8            iii.  Any negative 128 notices written by Defendant Ascencio and other CDCR

9                employees regarding this and or related matters.

10 42. Plaintive seeks declaratory relief in the form of a declaratory statement of the illegal

11      actions performed by Defendant Ascencio, given to Plaintiff, and placed in Plaintiff's

12      central-file.

13 43. Plaintiff seeks compensatory damages in the form of Defendant paying for all costs

14      relating to this § 1983 complaint and or $10,000, for Defendant denying Plaintiff

15      meaningful communication to maintain family ties with his family, as well as for the

16      mental and emotional injuries Plaintiff suffered.

17 44. Plaintiff seeks punitive damages in the form of Defendant Ascencio paying $40,000 to

18      dissuade the future acts of racial discrimination and retaliation in violation of U.S.

19      Constitutional Amendments.

20

21                         Respectfully submitted,

22

23

24                         Tam Steve Nguyen

25 Date: 10-05-23          Pro se

26

27

28

DECLARATION OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY

(CCP 1013 (A). 2015.5)

I, Tam Steve Nguyen, the undersigned, declare:

I am over the age of 18 years, and am a party to this matter. I am a resident of San Quentin State Prison, in the county of Marin, State of California. My prison address is as follows:

San Quentin State Prison

1 Main Street, 5-NB-7

San Quentin, CA 94974

On, _October 10, 2023_ , I served the attached:

AMENDED COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

On the parties, at the address listed below, by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully prepaid, in a deposit box provided by San Quentin State Prison, for mailing in the United States Mail as per the regulations governing out-going Legal Mail.

UNITED STATES DISTRICT COURT for THE NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Ave. , 16th floor

San Francisco, CA 94102

Tam Steve Nguyen