UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM STEVE NGUYEN,<br>    Plaintiff,<br>v.<br>TODAN ASCENCIO,<br>    Defendant. | Case No. 23-cv-03968-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and Plaintiff has filed an amended complaint.

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

1    550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a
2    claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has
3    recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal
4    conclusions can provide the framework of a complaint, they must be supported by factual
5    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
6    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
7    *v. Iqbal*, 556 U.S. 662, 679 (2009).

8    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
9    that a right secured by the Constitution or laws of the United States was violated, and (2) that the
10   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
11   487 U.S. 42, 48 (1988).

## DISCUSSION

13   Plaintiff alleges that he was the victim of retaliation and racial discrimination.

14   "Within the prison context, a viable claim of First Amendment retaliation entails five basic
15   elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
16   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
17   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
18   correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
19   *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under
20   § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional
21   rights and that the retaliatory action did not advance legitimate penological goals, such as
22   preserving institutional order and discipline). The prisoner must show that the type of activity he
23   was engaged in was constitutionally protected, that the protected conduct was a substantial or
24   motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no
25   legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring
26   retaliatory motive from circumstantial evidence).

27   "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment
28   from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)

1  (citing *Lee v. Washington*, 390 U.S. 333 (1968) (per curiam)). "To state a claim for violation of
2  the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or
3  purpose to discriminate against him based upon his membership in a protected class." *Serrano v.*
4  *Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).

On May 5, 2022, Defendant Correctional Officer Ascencio searched Plaintiff's cell because of Plaintiff's Asian heritage and stated, "You people are trouble. You brought us COVID." (dkt. 14 at 2). Plaintiff stated that he intended to file a grievance regarding Defendant's conduct. (*Id*. at 2). Defendant planted contraband in Plaintiff's cell and then in response to Plaintiff stating that he would file a grievance Defendant falsified a Rules Violation Report ("RVR") and made false statements, punished plaintiff on September 24, 2022, by forcing him off a phone call, called Plaintiff a snitch in front of other inmates on September 25, 2022, filed a second RVR on September 30, 2022 and made false statements and submitted false evidence during a hearing on June 30, 2023. (*Id*. at 2-3). These claims of retaliation and discrimination are sufficient to proceed.

**CONCLUSION**

The Court orders that the Defendant Correctional Officer Todan Ascencio be served electronically at San Quentin State Prison.

Service on the listed Defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative amended complaint (dkt. 14), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United

3

1  States Marshal Service (USMS) and which Defendants decline to waive service or could not be
2  reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the
3  notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge
4  jurisdiction consent or declination to consent form to the California Attorney General's Office,
5  which, within 21 days, shall file with the Court a waiver of service of process for the Defendants
6  who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction
7  consent or declination to consent form as to the defendants who waived service.

8      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare
9  for each defendant who has not waived service according to the CDCR Report of E-Service
10 Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms
11 and copies of this order, the summons and the operative complaint for service upon each defendant
12 who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report
13 of E-Service Waiver.

14     In order to expedite the resolution of this case, the Court orders as follows:

15     No later than **sixty days** from the date of service, Defendant shall file their motion for
16 summary judgment or other dispositive motion. The motion shall be supported by adequate factual
17 documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall
18 include as exhibits all records and incident reports stemming from the events at issue. If Defendant
19 is of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court
20 prior to the date that such motion is due. Moreover, all papers filed with the Court shall be
21 promptly served on Plaintiff.

22     At the time the dispositive motion is served, Defendant shall also serve, on a separate
23 paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
24 Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods
25 v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be
26 given at the time motions for summary judgment or motion to dismiss for non-exhaustion are
27 filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).
28

1   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and
2 served upon Defendant no later than **thirty days** from the date the motion is served upon him.
3 Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
4 provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
5 411-12 (9th Cir. 1988).

6   If Defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust
7 his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
8 note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
9 to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

10   If Defendant wishes to file a reply brief, they shall do so no later than fifteen days after the
11 opposition is served. The motion shall be deemed submitted as of the date the reply brief is due.
12 No hearing will be held on the motion unless the Court so orders at a later date. All
13 communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel,
14 if and when counsel has been designated, by mailing a true copy of the document to Defendant or
15 Defendant's counsel.

16   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
17 further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties
18 may conduct discovery.

19   Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
20 informed of any change of address by filing a separate paper with the clerk headed "Notice of
21 Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
22 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
23 Civil Procedure 41(b).

24   **IT IS SO ORDERED.**
25 Dated: December 11, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.